IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED

2021 AUG 17 PM 3:53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
TNWD OF TN MEMPHIS

ERIC RAGLAND, II

    Plaintiff

Vs                                       CASE NO.

F & M, KOZ, INC., MARY KOZLOWSKI,

FRANK KOZLOWSKI,

    Defendants

## NOTICE OF REMOVAL

*Shelby County Circuit Court, case no. CT-0915-21*

Comes now, ERIC RAGLAND, II *Pro Se,* Plaintiff, without waiving any objections to venue or other defenses, including, but not limited to, those available under Rule 8(c), and 12(b) of the Federal Rules of Civil Procedure and file this **NOTICE OF REMOVAL**.

Moving, the Shelby County Circuit Court, Tennessee, case to the United States District Court for the Western District of Tennessee, Western Division.

The grounds for Removal are as follows: Discrimination of Protected Class, Title 42 U.S.C § 1981, Race and Color, Title 28 U.S.C. § 1331, 1332, 1446, 1367, Respectfully.

1

I

## COMPLAINT

1. Mr. Ragland is of the protected class, pursuant to Title VII of Civil Rights Acts: 1981, 1991, 1968,1964 respectfully. Title 42 U.S.C § 1981, Title 28 U.S.C § 1658. Mr. Ragland, II' s protection to be free of such Discrimination.

    1. Mr. Ragland is Afro-American male.

    2. Mr. Ragland skin color is Black in tone.

    3. Mr. Ragland, was referenced, called and implied to as BLACK-CRACKHEAD and the CRACKHEAD OF JET'S.

2. On or about February 15, 2020, F&M Koz, Inc, D/B/A Jet's Pizza, herein Jet's or Jet's Pizza, hired acting Management, Mike Theobald and extension of Jet's Pizza public discriminated, humiliated and labeled me as a crackhead in front of The staff and clients of Jet's Pizza, referring me to crackhead from the The Chappelle Show, and asking and if I was on drugs, Mike Theobald was referencing The Drug Addict, of The Chappelle Show, Tyrone Bigumms. "Your like Tyrone Bigumms, scratching". Subjecting me to massive public humiliation, causing the Entire staff and customer to stare at me and to burst into strong laughter.

3. Jet's also known herein as Jet's Pizza causing massive damages to my name, image and my reputation, and loss of self. *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38 (Tenn. Ct. App. 2013). A statement is not defamatory just because it is annoying, offensive or embarrassing. Rather, the statement must be a serious threat to your reputation. Sullivan v. Baptist Memorial Hosp., 995 S.W.2d 569, 571 (Tenn. 1999)

The statement must also be untrue. The alleged defamatory statement must "constitute a serious threat to the plaintiff's reputation." Davis v. Tennessean, 83 S.W.3d 125, 128 (Tenn. App. 2001) (quoting Stones River Motors, Inc. v. Mid-South Publ'g Co., 651 S.W.2d 713, 719 (Tenn. App.1983). "It is reputation, which is defamed, reputation which is injured, and reputation which is protected by the law of defamation." Spicer v. Thompson, 2004 Tenn. App. LEXIS 436 (Tenn. App., decided July 7, 2004)

4. (Mr. Eric Ragland, II is not a CRACKHEAD, therefore the allegations are false.) Public humiliated, damage to my reputation, loss of self, damage to my name, damage to my image. Fear of my safety, loss of self, humiliated, damaged image, damage reputation, damage to my name and good character and in fear of my safety. I was compelled and subjected to loss of income and sustained massive financial damages and subjected to massive emotional stress and massive mental anguish.  Upon the actions of Jet's/ Jet's Pizza (Mike Theobald) I was looked upon as the crackhead of the company. Davis v. Tennessean, 83 S.W.3d 125, 128 (Tenn. App. 2001)(quoting Stones River Motors, Inc. v. Mid-South Publ'g Co., 651 S.W.2d 713, 719 (Tenn. App.1983). the alleged defamatory statement must "constitute a serious threat to the plaintiff's reputation. I was referenced and viewed as the "Jet's Pizza Crackhead."

5. Jet's/ Jet's Pizza implied and refereed to the plaintiff, to wit: Eric Ragland, II As a crackhead, Tyrone Bigumms, from The Chappelle Show.
Implying that Mr. Ragland, II is a crackhead is implying:
    1. Mr. Ragland had a Drug Addiction, to wit: the substance known by [it's] Street name, CRACKCOCAINE.

3

2. Implying, Mr. Ragland, II is uneducated, and would do anything for money to support the alleged drug addiction.

3. Direct attack on Mr. Ragland, II education levels.

4. Implying, Mr. Ragland, II would steal, due to an alleged drug addiction.

5. Implying, Mr. Ragland, II is/ was under the influence of the drug, to wit: CRACKCOCAINE, would also imply and suggest Mr. Ragland, II would go For days without bathing and performing self-hygiene. Is a direct attack on Mr. Ragland, II-character, self-worth, reputation, image and mental state. Plaintiff has family members that are currently battling this very drug Addiction, with numerous family members failing the fight, and dying from This very addiction, to wit: CRACKCOCAINE.

6. MIKE THEOBLAD is and was acting management and an extension of F&M KOZ, Inc. D/B/A Jet's Pizza. Mr. Theobald verbally implied and labeled Mr. Ragland, II [Plaintiff] as a "crackhead", while waiting for other employees And customers of Jet's/ Jet's Pizza to laugh. Sullivan v. Baptist Memorial Hosp., 995 S.W.2d 569, 571 (Tenn. 1999) Causing massive damage to Mr. Ragland's, Reputation. Davis v. Tennessean, 83 S.W.3d 125, 128 (Tenn. App. 2001) (quoting Stones River Motors, Inc. v. Mid-South Publ'g Co., 651 S.W.2d 713, 719 (Tenn. App.1983). "It is reputation, which is defamed, reputation which is injured, and reputation which is protected by the law of defamation." Actionable defamation may occur through sarcasm, insinuation, and the like when the truth is twisted by either omitting relevant facts and circumstances, or alluding to 'facts' and circumstances that

do not exist." <u>Hunt v. Tangel</u>, 1997 Tenn. App. LEXIS 914 (decided December 19, 1997).

7. Therefore, establishing intent to harm, THEOBALD was very much aware of His actions as well as the legal ramification's that his actions was going to Bring. Which lead to Mr. THEOBALD, to harassing the plaintiff, with numerous Phone calls and unwanted text though out the days and nights, begging for The plaintiff to return to the workplace, knowing he [ THEOBALD] purposely And intentionally subjected the plaintiff to Defamation, Negligence and Harassment, beyond all bounds of decency DISCRIMINATION OF PROTECTED CLASS.

8. Mr. THEOBALD, bought harm, shame and public humiliation to the plaintiff, Moreover, created a hostile, harmful, unsafe and extremely dangerous work Environment for the plaintiff. Mr. THEOBLAD, then subjected the plaintiff To harassment via telecommunications, upon calling and texting numerous Times and leaving numerous voicemails on the plaintiff's cell phone during All hours of the day and night. Call after Call after Call, Text upon Text, upon Text. Over, Over, Over, Over and Over again. Plaintiff, is within the guidelines Of the PROTECTED CLASS.

9. Plaintiff is an Afro-American Male. Had the Plaintiff been Caucasian, plaintiff would not have been referred to or implied to as a BLACK-CRACKHEAD.

10. Defendant(s) knowingly, willfully, recklessly, Maliciously subjected The plaintiff to Discrimination and Negligence. conduct per se is to render the conduct negligent as a matter of law. *Sammons v. Ridgeway*, 293 A.2d 547, 549 (Del.

1972); *Goode v. Bauer*, 109 S.W.3d 788, 791, 2003 WL 21355243, at *2 (Tex. Ct. App. 2003). Thus, a person whose conduct is negligent per se cannot escape liability by attempting to prove that he or she acted reasonably under the circumstances. *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 930 n.10 (Colo. 1997); *Wilmington Country Club v. Cowee*, 747 A.2d 1087, 1095 n.27 (Del. Super. Ct. 2000); *Freudiger v. Keller*, [104 S.W.3d 294, 297 (Tex. Ct. App. 2003)]

11. A statement is defamatory where "it tends so to harm the reputation of another as to lower him [or her] in the estimation of the community or to deter third persons from associating or dealing with him [or her]." Patterson v. Grant-Herns, *supra*.

12. To be defamatory, the statement "must reasonably be construable as holding the plaintiff up to public hatred, contempt or ridicule, and it must convey an element of disgrace." Stones River, 651 S.W. 2d at 719. In this case at bar, this is exactly what is before the court, one is the element of Disgrace, ridicule and public hatred. First, it must be shown that the defendant: violated a statute or ordinance which 'imposes a duty or prohibits an act for the benefit of a person or the public.' *Nevill v. City of Tullahoma*, 756 S.W.2d 226, 232-233 (Tenn. 1988) (citing *Queen v. Dayton Coal & Iron Co.*, [32 S.W. 460 (Tenn. 1895)] and *Memphis Street Railway v. Haynes*, [81 S.W. 374 (Tenn. 1904)]).

13. Second, the proof must show that the injured party was within the class of persons whom the legislative body intended to benefit and protect by the enactment of that particular statute or ordinance. *Traylor v. Coburn*, [597 S.W.2d 319, 322 (Tenn. Ct. App. 1980)] (citing *Carter v. Redmond*, [218 S.W. 217 (Tenn. 1920)])

6

*Brookins v. The Round Table*, 624 S.W.2d 547, 550 (Tenn. 1981); *Alex v. Armstrong*, [385 S.W.2d 110, 114 (Tenn. 1964)]." 841 S.W.2d at 831.

True and correct copies have been annexed to the removal notice:

Directly from the Shelby Circuit Court Clerk E-filling System. **TRUE RECORD,** as required for the removal, **pursuant to Rule 5(b)** of the local Uniform civil Rules. A true and correct copies of the entire state court file is been submitted at this time.

14. Plaintiff raised additional claims of Discrimination of Protected class, pursuant to **Title 42 U.S.C. § 1981**.

28 U.S.C § 1446, in part,

### Fed. Rule Civil Procedure: 8 (A)2

Pursuant to **Title 28 U.S.C.§ 1446** *in part,* and Fed. Rule of Civil Procedure 8 (a)2: Rule 8(a)(2) which states that a pleading must contain "a short and plain Statement of the claims showing that the pleader is entitled to relief".

Plaintiff ERIC RAGLAND, II is entitled to relief sought, pursuant to **Title 42 US.C.§ 1981**, Discrimination of Protected class: Race and Color.

II

### PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.

1. This case is Removal under 28 U.S.C. § 1441(a), and 1331, 1332, 1446 and Title 42 U.S.C. § 1981, DISCRIMINATION OF PROTECTED CLASS. Race & Color.

B.  28 U.S.C. § 1441(A) Provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action

Brought in a state court of which the District Courts of the United States have

Original jurisdiction, may be removed by the PLAINTIFFS or DEFENDANTS

to the District Court of the United States for the district or division embracing

the place where such action is pending.

C.  The United States District Court for the Western District of Tennessee,

Western Division is the district and division embracing the location of the state

Court where this suit is currently pending.

D.  This Court also holds Supplement Jurisdiction over the subject matter, Pursuant

Title 28 U.S.C. § 1367.

E.  Plaintiff raised the Federal Claim of Discrimination of Protected Class,

Pursuant to Title 42 U.S.C § 1981, a federal question.

Additionally, 28 U.S.C.§ 1332(A) as amended, provides in relevant part:

The District Court shall have original jurisdiction of ALL civil actions where the

matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and cost and is between. Citizens of different states.

III

**28 U.S.C. § 1446(B) REMOVAL IS TIMELY**

Pursuant to Title 28 U.S.C. § 1446(B), A notice of removal can be filed within

Thirty (30) days after receipt "through service or otherwise, of a copy of the initial

Pleading setting for the claim for relief upon which such action or proceeding is based. Also, under the statue, a notice of removal "may be filed within 30 days after receipt of The defendants, through service or otherwise, of copy of an amended pleading, motion, Order or other paper form which it may first be ascertained that the case is one which is or has become removable.

1. Plaintiff raised the Federal Claim of Discrimination of Protected class, pursuant to Title 42 U.S.C. §1981 on 29TH July 2021, therefore the cause of action became removable to this honorable court upon that date.

2. Since the Federal claims of the Plaintiff were raised on the 29th July 2021 This removal is timely.

3. The face of the Plaintiffs complaint seeks damages in excess of $75,000.00

4. Required Documents are attached and notice to clerk has been given.

5. Pursuant to 28 U.S.C. § 1446(A) copies of process, pleadings and orders served Upon the defendants are attached hereto as exhibits. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state court file Is annexed to the REMOVAL.

6. 28 U.S.C 1446(B) Plaintiff will file a copy of this Notice with the clerk of the Circuit Court of Shelby County, Tennessee, contemporaneous with the filing of the same with this court.

   The amount in controversy has been met.

   As set forth above, the amount in controversy exceeds $75,000.00, exclusive of Interest and costs based upon the face of the complaint.

IV.

## JURISDICTION

A) Pursuant to Title 28 US.C. § 1367, 1446, 1332 and 1446

B) Pursuant to Title 42 U.S.C. § 1981, Discrimination of Protected Class

C) Diversity Jurisdiction, Amount in excess of $75,000.00 sought for damages

D) Plaintiff is a full-time residence of Shelby County, Tennessee. (Yearly) Plaintiff ERIC RAGLAND, II residence in the City of MEMPHIS, STATE OF TENNESSEE, COUNTY OF SHELBY.

E) DEFENDANTS are residents of FENTON, MI. and DEFENDANT F & M KOZ, INC. is a business incorporated in FENTON, MI.

## FEDERAL QUESTION JURISDICTION

E. This case is removable based on federal question jurisdiction, Under 28 U.S.C.§ 1331, the district courts "have original jurisdiction of all civil actions Arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331.

F. Plaintiff claims include a claim for violations of the Federal secured Rights, pursuant to Title U.S.C § 1981 DISCRIMINATION OF PROTECTED CLASS. A claim may arise under federal law in either of two ways. In many cases, "Federal-question jurisdiction is invoked by plaintiffs pleading a cause of action created by federal law" federal question will lie over state-law claims that implicate significant federal issues, which we have in the case at bar. A federal right, issue or claims is raised, invoking the federal courts jurisdictions.

10

This court has federal question jurisdiction, pursuant to 28 U.S.C.§ 1331, AND the matter is removable under 28 U.S.C § 1441. Pursuant to Title 28 U.S.C § 1367 SUPPLEMENT JURISDICTION.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff ERIC RAGLAND, II respectfully request that this court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Courts of Shelby County, Tennessee, be hereby stayed.

Respectfully Submitted:    Upon this. 17th day of August 2021.

_____
Mr. ERIC RAGLAND, II Pro Se
665 Decatur St, Memphis, Tn. 38107
901. 337-8546. Ericragland2@gmail.com

## CERTIFICATE OF SERVICE

I ERIC RAGLAND, II herein certify that:

a true and correct copy of the same has been served upon the defendants via ECF filing,

and DOC share via Google Doc's shared system to the counsel

of records email provided to the courts.

Upon this 17th August 2021

*[signature]*
ERIC RAGLAND, II Pro *Se*

Copies have been served to the following:
**Of Counsel:**

Attorney of Record:

FORD HARRISON, LLP.
RUSSELL JACKSON
ERICA N. JOHNSON
1715 Aaron Brenner Drive, Ste. 200
Memphis, TN. 38120
(901) 291-1500

*Counsel for the Defendants*