## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**ERIC RAGLAND, II,**

        **Plaintiff,**

**v.**                                                            **Case 2:21-cv-02530-TLP-cgc**

**F & M KOZ, INC., MARY**
**KOZLOWSKI, and**
**FRANK KOZLOWSKI,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants' Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #8). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #13). For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED IN PART and DENIED IN PART.

### I.      Background

On March 8, 2021, Plaintiff filed a Complaint in the Circuit Court of Shelby County for the Thirtieth Judicial District at Memphis ("Circuit Court") alleging claims of defamation, negligence, and harassment. (D.E. #1-4 at PageID 26-41). On July 29, 2021, Plaintiff filed an Amended Complaint alleging the following claims: (1) discrimination on the basis of race and

1

color in violation of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. §§ 2000e ("Title VII")[1]; (2) defamation in violation of Tennessee

law; and (3) criminal harassment in violation of Tennessee Code Annotated Section 39-17-308.

(D.E. #1-6 at PageID 193-204 ("Am. Compl.")).

Plaintiff's Amended Complaint alleges that he is an "Afro-American" male, that his skin

color is "dark" / "black in tone," (*Id.* at PageID 193, 195), that Defendant F&M Koz,

Incorporated does business as "Jet's Pizza" (*Id.* at PageID 195), and that Jet's Pizza is managed

by Mike Theobald.  ("Theobald") (*Id.*)  Plaintiff alleges that, on February 15, 2020, Theobald

asked him if he was a "crackhead" in front of customers and then compared him to a drug addict

from "The Chapelle Show."  (*Id.* at PageID 195, 197-198).  Plaintiff believes that Theobald

made these comments because of his race, color, sex, and stature.  (*Id.* at PageID 195).  Plaintiff

alleges that he suffered humiliation because the staff and customers stared at him and "burst into

strong laughter."  (*Id.* at PageID 195-96).  He additionally alleges that patrons and staff began

referring to him as the "Crackhead of Jets."  (*Id.* at PageID 196 ¶ 6).

Although Plaintiff does not allege the details of what transpired following Theobald's

comments, particularly as to his employment status,[2] he alleges that he suffered a "loss of

income" and "financial damages" as well as damages to his reputation and emotional stress.  (*Id.*

---

[1]    Plaintiff filed a Charge of Discrimination ("EEOC Charge") with the Tennessee Human Rights
Commission on June 12, 2020 alleging discrimination on the basis of race, color, and sex as well as
unlawful retaliation.  (D.E. #1-6 at PageID 214).  The Equal Employment Opportunity Commission
issued a Dismissal and Notice of Rights ("Right to Sue Letter") to Plaintiff on January 22, 2021 in EEOC
Charge Number 490-2020-01230.  (D.E. at #1-4 at PageID 54-55, D.E. #1-6 at PageID 212-213).

[2]    Defendants state that Plaintiff's EEOC Charge alleges that he resigned his employment on the date of
Theobald's comments.  (D.E. #1-6 at PageID 214).  Plaintiff's Response states the same.  (*See* Pl.'s Resp.
at D.E. #10 ¶ 5) (stating that Defendants deliberately created intolerable working conditions, which
caused Plaintiff to "quit").  However, as these are not pleadings, they are not proper for the court to
consider in the context of a Rule 12(b)(6) motion.

at PageID 196-99).  Plaintiff further alleges that, after this incident, Theobald harassed him with numerous unwanted phone calls and text messages during the day and night asking him to return to the work.  (*Id*. at PageID 199-200).

On August 17, 2021, Plaintiff filed a Notice of Removal.  (D.E. #1).  Pursuant to 28 U.S.C. § 1441, a Notice of Removal may only be filed by a defendant.  Thus, on August 24, 2021, along with the instant motion, Defendants filed a "Notice of Filing" pursuant to 28 U.S.C. § 1331 and §1441, which they intend to evidence their own intent to remove the case to this Court.  (D.E. #9).

## II.      Proposed Analysis

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain the following: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and, (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(3).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d

3

356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need

only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is

plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the

doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a

"pro se complaint, however inartfully pleaded, must be held to a less stringent standard than

formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v.

Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se

litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v.

Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro

se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

4

face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. Title VII

Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). Plaintiff's Complaint alleges discrimination on the basis of race and color.[3]

Plaintiff's Complaint alleges that Theobald made remarks that did not directly mention his race but were nonetheless racially motivated. Other courts have agreed with this characterization. *See, e.g.*, *Cynthia Diane Yelling v. St. Vincent's Health Sys.*, No. 2:17-cv-01607-SGC, 2020 WL 7059450, at *2 (N.D. Ala. Dec. 2, 2020) (stating that the term "crack head" is "race-based"). However, Plaintiff's Complaint does not explicitly state how his employment status was altered following this event other than alleging that he suffered financial losses and was begged by Theobald to return to work.

Defendants construe Plaintiff's Complaint as pursuing a claim for a hostile work environment that resulted in a constructive discharge.[4] The "necessary predicate" for such a

---

[3] Plaintiff's Complaint also cursorily states that Theobald compared him to the drug-addicted television character in part based upon his sex, which is a protected category, and his stature, which is not; however, the remainder of the Complaint states that his discrimination claims are on the basis of race and color, not sex. Further, while Plaintiff's EEOC Charge did allege discrimination on the basis of sex, (*see* D.E. #1-6 at PageID 214), those claims arose from comments made by a different individual that are not referenced in this Complaint. Thus, it appears that Plaintiff has abandoned any sex discrimination claims that he may have pursued at the administrative level.

[4] Defendants state that Plaintiff's EEOC Charge alleges that he resigned his employment on the date of Theobald's comments. (D.E. #1-6 at PageID 214). Plaintiff's Response also states that Defendants

claim is pleading that a hostile work environment existed.  *See Cooper v. Jackson-Madison County General Hosp. Dist.*, 742 F. Supp. 2d 941, 956-57 (W.D. Tenn. 2010) (quoting *Pennsylvania State Police v. Suders*, 542 U.S. 129, 149 (2004)).

A hostile work environment is one that is "'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Kelly v. Senior Centers, Inc.*, 169 Fed. Appx. 423, 428 (6th Cir. 2006) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotation marks and internal citations omitted)).  To establish a claim of hostile work environment in violation of Title VII, a plaintiff must ultimately prove the following: (1) he is a member of a protected class; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment had the effect of unreasonably interfering with his work environment by creating an intimidating, hostile, or offensive work environment; and, (5) the existence of employer liability.  *Newman v. Federal Exp. Corp.*, 266 F.3d 401, 405 (6th Cir. 2001).  This is an evidentiary standard, not a pleading requirement, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002); however, structuring the allegations of a pleading around these requirements is one way to adequately plead a Title VII claim.

In *Kelly*, the Sixth Circuit considered a hostile work environment claim that involved two instances of racial slurs, one use of a racially derogatory term, and three racist "jokes."  *Id*. at 429.  The Court specifically noted that it "deplore[d] and reject[ed] such offensive conduct if it took place" and continued to advise that "it would behoove any prudent employer, 'concerned with the climate in the workplace . . . to condemn all such language and counsel employees and members against the use of any terms that denigrate and slur.'"  *Id*. (quoting *NLRB v. Foundry*

---

deliberately created intolerable working conditions, which caused Plaintiff to "quit."  (*See* Pl.'s Resp. at D.E. #10 ¶ 5).

*Div. of Alcon Industries, Inc.*, 260 F.3d 631, 635 (6th Cir. 2001)).  Yet, it ultimately determined that Plaintiff had failed to prove that a hostile work environment existed because they did not constitute a "pervasive, aggressive, or constant course of conduct."  *Id*.; *see also Cooper*, 742 F. Supp. 2d 941, 957 (W.D. Tenn. Sept. 28, 2020) (stating that "[o]ne reported episode of allegedly racially derogatory language is not sufficient to establish that . . . [the] comments were severe and pervasive.").

Although the *Kelly* court was considering a district court's grant of summary judgment, one of our sister courts considered a Rule 12(b)(6) motion with highly analogous facts.  In *Carlisle v. Staffing Solutions Southeast, Inc.*, No. 1:16-CV-00334, 2017 WL 2274995 (E.D. Tenn. May 24, 2017), relying in part upon *Kelly*, the district court determined that the plaintiff had failed to plead a hostile work environment claim based upon one racially motivated statement because it was not severe or pervasive enough to create an intimidating, hostile, or offensive work environment.  *Id*. at *2-*3.  This Court finds the *Carlisle* court's reasoning to be persuasive and consistent with the Sixth Circuit's authority on the essential requirements of a hostile work environment claim.  Accordingly, it is RECOMMENDED that Plaintiff's Complaint fails to state a claim for hostile work environment that violated Title VII.

Plaintiff's Complaint may also be construed as seeking to raise a Title VII disparate treatment claim.  A plaintiff may establish such a claim by introducing either direct evidence of discrimination or circumstantial evidence that would support an inference of discrimination. *Logans v. Denny's, Inc.*, 259 F.3d 559, 566-67 (6th Cir. 2001) (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348) (6th Cir. 1997)).  Either ultimately requires proof that the employee was subjected to an adverse employment action.  *Crane v. Mary Free Bed Rehab. Hosp.*, 634

Fed. Appx. 518, 522 (6th Cir. 2015) (citation omitted).   Again, while this is an evidentiary standard rather than a pleading requirement, whether the employer acted in an unlawfully discriminatory manner is the crux of such a claim for relief.   *See* 42 U.S.C. § 2000e-2(a); *Debra Jodry v. Fire Door Solutions, LLC*, No. 3:20-cv-00243, 2020 WL 7769924, at *5 n.6 (M.D. Tenn. Dec. 30, 2020) (citation omitted) (stating that "an allegation of an adverse action is required to plaintiff to state a plausible claim" under Title VII).

As already stated, Plaintiff's Complaint is not precisely clear as to how Theobald's comments resulted in his financial losses.   However, the Sixth Circuit has held that a loss of pay constitutes an adverse employment action "regardless of the form in which the deprivation occurred."   *Clay v. United Parcel Srvs., Inc.*, 501 F.3d 695, 710 n.6 (6th Cir. 2007). Additionally, a constructive discharge constitutes an adverse employment action, *see Logan*, 259 F.3d at 568 (citing *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 886 (6th Cir. 1996)), and pleading that "badgering, harassment, or humiliation by the employer . . . encourage[d] the employee's resignation," which is one of the *Logan* factors for proving a constructive discharge, may satisfy Rule 12(b)(6), *Jodry*, 2020 WL 7769924, at *6 (citing *Logan*, 259 F.3d at 569); *see also E.E.O.C. v. Freeman*, 626 F. Supp. 2d 811, 818-19 (M.D. Tenn. 2009).   Accordingly, it is RECOMMENDED that Defendants' Motion to Dismiss Plaintiff's Title VII disparate treatment claim be DENIED.

### B.  Section 1981

Section 1981 provides that all persons shall have the same right "to make and enforce contracts, to sue, be parties, give evidence" and enjoy "the full benefit of all laws and proceedings for the security of persons and property."   Plaintiff's Complaint does not allege

violations of any of these rights. Accordingly, it is RECOMMENDED that Defendants' Motion to Dismiss Plaintiff's Section 1981 claim be GRANTED.

### C. Defamation

Plaintiff's claim for defamation arises from the oral statements Theobald allegedly made to him. "An action for slanderous words spoken shall be commenced within six (6) months after the words are uttered." Tenn. Code Ann. § 28-3-103. Here, Plaintiff alleges that Theobald's statements occurred on February 15, 2020. Plaintiff did not bring this claim until March 8, 2021. Accordingly, it is RECOMMENDED that Defendants' Motion to Dismiss Plaintiff's defamation claim be GRANTED as it is time-barred by the applicable statute of limitations.

### D. Criminal Harassment

Finally, Plaintiff alleges that Defendants committed criminal harassment in violation of Tennessee Code Annotated Section 39-17-308. Under Tennessee law, the authority to prosecute violations of criminal statutes rests with district attorneys general. Tenn. Code Ann. § 8-7-103(a). Civil actions for violation of criminal laws are not authorized by statute. See, *Molthan v. Vanderbilt Univ.*, No. 3:17-CV-00706, 2017 WL 1489099, at *3 (M.D. Tenn. Apr. 26, 2017) Accordingly, it is RECOMMENDED that Defendants' Motion to Dismiss Plaintiff's criminal harassment claim be GRANTED.

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to

Dismiss be GRANTED IN PART and DENIED IN PART.


**SIGNED** this 9th day of March, 2022.


s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**